JUDGE KAPLAN

COPY

07 CV 10625

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730

NOV 27 2007
U.S.D.C. S.D.N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,    :

        Plaintiff,    :    07 Civ. _____ (___)

    - against -    :

                  :    **COMPLAINT**

BARRY LITT,    :

        Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

      Plaintiff United States of America, by its attorney Michael J. Garcia, United States

Attorney for the Southern District of New York, for its complaint alleges as follows:

## INTRODUCTION

    1.    This is a civil action brought by the United States of America (the "United

States") against defendant Barry Litt ("defendant" or "Litt"), under the False Claims Act, 31

U.S.C. §§ 3729-3733 (the "False Claims Act"), to recover damages sustained by the United

States as the result of Litt having made false claims in connection with health insurance claim

forms submitted to Medicaid for reimbursement.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the claims brought under the False Claims Act pursuant to 31 U.S.C. § 3730(a), and 28 U.S.C. §§ 1331, 1345, and pursuant to the Court's general equitable jurisdiction.

3.     Venue lies in this District pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. §§ 1391(b), 1391(c), because a substantial number of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

4.     The United States brings this complaint on behalf of its agency the U.S. Department of Health and Human Services ("HHS").

5.     Defendant Barry Litt was a dentist licensed by the State of New York. Litt maintained a general dental practice at 140 Elgar Place, Bronx, New York, until in or about June 2001, and, thereafter, at 2603 Bartow Avenue, Suite B, Bronx, New York. Litt employed a number of people in his dental office, including other dentists, dental assistants who performed X-rays and routine dental procedures on patients, and office staff who entered information concerning patient billing into an office computer.

## THE MEDICAID PROGRAM

6.     Title XIX of the Social Security Act, 42 U.S.C. §§ 1396 et seq., established a program to enable the states to furnish medical assistance to certain categories of persons whose income and resources are insufficient to meet the costs of necessary medical services. Commonly called Medicaid, the program is administered by the states, but is funded jointly by the federal and state governments.

2

7.     To participate in the Medicaid program, a state must develop a plan that is approved by the Secretary of Health and Human Services as meeting federal requirements. The state pays qualified providers for furnishing necessary services covered by the state plan to individuals who are eligible for medical assistance. The federal government contributes a proportion of the costs that each participating state incurs in purchasing items and services from qualified providers on behalf of eligible persons. The state bears the remainder of the costs.

8.     The federal government contributes fifty percent of the costs for dental services provided to Medicaid beneficiaries under the New York State Medicaid program.

9.     In New York State, the Department of Health ("DOH") is responsible for administering the New York State Medicaid program. The DOH administers the program primarily through the Office of Medicaid Management ("OMM"). OMM uses a mechanized claims processing and information retrieval system that is known as the Medicaid Management Information Systems ("MMIS"). MMIS is operated by its fiscal agent contractor, Computer Sciences Corporation ("CSC"), which administers all provider enrollment and reimbursement transactions. CSC notifies providers of reimbursement rates and policies through Medical Provider Manuals and other communications.

10.     Under the New York State Medicaid program, a person providing medical or dental care (the "provider") to Medicaid-eligible patients may be reimbursed by the program for their services. Upon submission of a claim, the provider is reimbursed for approved services rendered in accord with a standard scheduled rate for each particular service provided.

11.    Litt, or others acting under his direction, reviewed and approved claim forms before they were sent to Medicaid for reimbursement.  Thereafter, Litt received reimbursements from Medicaid by checks made payable to "Barry Litt, DDS."

## LITT'S SUBMISSION OF FRAUDULENT CLAIMS TO MEDICAID

12.    From at least in or about December 2001 through at least in or about June 2004, Litt sought and received reimbursement from Medicare for periodontal scaling and root planing ("PSRP") procedures he never provided.

13.    PSRP is a dental treatment intended for individuals who suffer from periodontal disease, a condition marked by inflammation of the gums, detachment of the gums from the tooth, and bone loss.  During a PSRP procedure, a dentist or dental hygienist commonly uses dental instruments to remove plaque and calculus from the section of the  patient's mouth that is affected.

14.    The claims that Litt submitted or caused to be submitted to Medicaid falsely and fraudulently represented that Litt or another dentist employed by Litt performed PSRP procedures on dental patients, when in fact, as Litt well knew, those procedures had not been performed.

15.    In addition, to further the appearance that Litt or another dentist employed by Litt had performed PSRP procedures on dental patients, Litt falsely represented or caused others in his office to falsely represent that PSRP procedures were performed on multiple dates.

16.    As a result of Litt's false claims, Medicaid paid Litt $37,390.00, fifty percent

of which, or $18,695.00, was paid by the United States.  Had the United States known that the

dental services listed in Litt's claims had not been provided, the United States would not have

paid $18,695.00 to Litt through Medicaid.

## LITT'S CONVICTION OF HEALTH CARE FRAUD

17.    On June 16, 2005, an Information was filed against Litt charging him with one

count of Health Care Fraud in violation of 18 U.S.C. § 1347, on account of the false claims Litt

submitted to Medicaid and numerous private insurance companies.  The Information stated, inter

alia:

> From at least in or about January 1998 through at least October
> 2004, in the Southern District of New York, BARRY LITT, the
> defendant, unlawfully, knowingly, and willfully, did execute, and
> attempt to execute, a scheme and artifice to defraud health care
> benefit programs and to obtain, by means of false and fraudulent
> pretenses, representations and promises, money and property
> owned by, and under the custody and control of, health care benefit
> programs, namely, the Insurers and Medicaid, in connection with
> the delivery and payment for health care benefits, items and
> services, to wit, LITT, in order to fraudulently obtain payments
> from the Insurers and Medicaid to which he was not entitled,
> submitted and caused to be submitted to the Insurers and Medicaid
> numerous claims for reimbursement for PSRP procedures that
> falsely represented that PSRP procedures had been performed on
> patients and that falsely represented that PSRP procedures were
> performed on multiple dates.

Information, ¶ 15.  Attached hereto as Exhibit A is a true copy of the Information.

18.    On September 26, 2005, Litt pleaded guilty to the one count of Health Care

Fraud contained in the Information.

19.    By Judgment entered April 10, 2006, Hon. Lawrence M. McKenna sentenced

Litt, inter alia, to serve six months of community confinement, three and one-half years of

probation, and to pay an aggregate sum of $245,708.86 in restitution to victims of the fraudulent

scheme, including restitution of the $18,695.00 that the United States paid to Defendant through

Medicaid. Attached hereto as Exhibit B is a true and correct copy of the Judgment.

## FIRST CLAIM
### Violations of the False Claims Act
### (31 U.S.C. § 3729(a)(1))

20.    The United States incorporates by reference paragraphs 1-19 above.

21.    As set forth above, Litt knowingly presented or caused to be presented to an

officer, employee, or agent of the United States false or fraudulent claims for payment or

approval.

22.    The United States, through the New York State Medicaid plan, paid such

false or fraudulent claims because of the acts and conduct of defendant Litt.

23.    By reason of the acts and conduct of defendant in violation of 31 U.S.C.

§ 3729(a)(1), the United States sustained damages in the amount of $18,695.00. The United

States is entitled to recover treble damages, see 31 U.S.C. § 3729(a), less any restitution paid to

the United States by Defendant.

24.    The United States is also entitled to mandatory civil penalties ranging from

$5,500 to $11,000 per false statement or claim made by defendant Litt. 31 U.S.C.

§ 3729(a)(1).

25.    As set forth above, Litt was convicted in criminal proceedings of health care

fraud with respect to the same Medicaid transactions that underlie this Complaint.

6

26.    Under the False Claims Act, because a final judgment was entered against him in the criminal case, Litt is estopped from denying the essential elements of the fraud alleged in this action.  See 31 U.S.C. § 3731(d).

**SECOND CLAIM**
**Violations of the False Claims Act**
**(31 U.S.C. § 3729(a)(2))**

27.    The United States incorporates by reference paragraphs 1- 26 above.

28.    As set forth above, Litt knowingly made, used or caused to be made or used, false records and statements to get false or fraudulent claims paid or approved by the United States.

29.    The United States, through the New York State Medicaid plan, paid such false or fraudulent claims because of the acts and conduct of Litt.

30.    By reason of the acts and conduct of Litt in violation of 31 U.S.C. § 3729(a)(2), the United States has sustained damages in the amount of $18,695.  As stated above, the United States is entitled to recover treble damages, less any restitution paid to the United States by Defendant.

31.    The United States is also entitled to mandatory civil penalties ranging from $5,500 to $11,000 per false statement or claim made by defendant Litt.  31 U.S.C. § 3729(a)(1).

32.    As stated above, Litt is estopped pursuant to 31 U.S.C. § 3731(d) from denying the essential elements of the fraud alleged in this action.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America, requests that judgment be entered in its favor and against defendant as follows:

A.      On the First and Second Claims under the False Claims Act, for treble damages, less any restitution paid to the United States by Defendant, plus an $11,000 penalty for each false claim made pursuant to 31 U.S.C. § 3729(a)(2);

B.      Awarding such further relief as is proper.

Dated:    New York, New York
          November 27, 2007

                        MICHAEL J. GARCIA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States


                  By:   _____
                        PIERRE G. ARMAND
                        Assistant United States Attorney
                        86 Chambers Street, 3rd Floor
                        New York, New York  10007
                        Telephone: (212) 637-2724
                        Facsimile: (212) 637-2730

A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES OF AMERICA                          :

    - v. -                                        :          INFORMATION

BARRY LITT,                                       :          05 Cr.

                         :

                 Defendant     **05 CRIM. 1011**

- - - - - - - - - - - - - - - -

JUDGE McKENNA

### COUNT ONE

**(Health Care Fraud)**

The United States Attorney charges:

Background

At all times relevant to this Information:

    1.    BARRY LITT, the defendant, was a dentist licensed by the State of New York.  LITT maintained a general dental practice at 140 Elgar Place, Bronx, New York until in or about June 2001, and, thereafter, at 2063 Bartow Avenue, Suite B, Bronx, New York.

    2.    BARRY LITT employed several other people in his dental office.  These employees included other dentists, dental assistants who performed X-rays and routine dental procedures on patients, and front office staff who were responsible for entering information concerning patient billing into an office computer.

<u>Private Insurance Company Reimbursement</u>

3.    BARRY LITT was reimbursed for dental services he or others in his office provided based on claims LITT's office submitted to numerous private insurance companies, including, among others, Guardian Life Insurance Company of America, Group Health Incorporated, Humana Inc., Aetna, Empire Blue Cross and Blue Shield, Cigna, United Concordia, Met Life, GE Group Life Assurance Company, and Delta Dental (collectively, the "Insurers"). The Insurers reimbursed LITT in whole or in part for dental services he or others in his office provided to patients covered by the Insurers, based on claim forms that identified, among other things, the following: the patient; the date(s) on which service was rendered; the identity of the dental service provider; the address of the dental service provider; the procedure, treatment or service for which reimbursement was sought; and the dollar amount sought.

4.    BARRY LITT was required to identify accurately on claims for reimbursement to the Insurers the services he or others in his office performed by using the codes contained in the American Dental Association's Current Dental Terminology manual, which are commonly referred to as "CDT" codes. The amount of the reimbursement the Insurers paid to LITT varied depending on the type, level and complexity of the service(s) he

2

or others in his office rendered. This information was reflected in CDT codes on the claim forms.

5.    BARRY LITT, or others acting under his direction, reviewed and approved claim forms before they were sent to the Insurers for reimbursement. Thereafter, LITT received reimbursements from the Insurers by checks made payable to "Barry Litt, DDS."

### Reimbursement By the Medicaid Program

6.    Medicaid is a United States government program that provides, among other things, dental benefits to qualified indigent persons. In New York State, the Medicaid program is funded both by the federal government and the State of New York. The federal government provides 50% of the funding necessary to pay Medicaid claims, and the State of New York provides the remaining 50%.

7.    The Office of Medicaid Management of the New York State Department of Health administers Medicaid. The Office of Medicaid Management contracts with Computer Sciences Corporation ("CSC"), in Albany, New York, to receive, process, and pay Medicaid claims.

8.    Medical providers, including dentists, who sought reimbursement from Medicaid for medical services provided in New York State were required to complete claim forms and submit them to CSC. Medicaid required medical providers to identify

3

accurately on the claim form the services they performed by using CDT codes.  CSC then computed the proper amount of the reimbursement for qualified claims.

9.  Medicaid's reimbursement to providers varied depending on the type, level and complexity of the service rendered.  This information was reflected in the CDT code on the claim form.

10.  Under the Medicaid regulations, a health care provider, including a dentist, was entitled to bill only for services that had actually been rendered.

11.  BARRY LITT, or others acting under his direction, reviewed and approved claim forms before they were sent to Medicaid for reimbursement.  Thereafter, LITT received reimbursements from Medicaid by checks made payable to "Barry Litt, DDS."

### Periodontal Scaling and Root Planing

12.  Among the dental procedures dentists perform is a procedure called periodontal scaling and root planing ("PSRP").  This dental treatment is intended for individuals who suffer from periodontal disease, a condition marked by inflammation of the gums, detachment of the gums from the tooth, and bone loss.  In a PSRP procedure, a dentist or dental hygienist commonly uses dental instruments to remove plaque and calculus from the section of the patient's mouth that is affected.

4

13. A PSRP procedure generally is performed only on one quadrant, or quarter, of a patient's mouth at a time. Performing a PSRP procedure on a single quadrant routinely takes up to an hour or more. A local anesthesia is commonly necessary to subdue the pain generally associated with the procedure. After a PSRP, a patient is expected to experience mild to severe discomfort for approximately one day. Given the nature of the procedure and the pain associated with it (even with local anesthesia), typically no more than two quadrants are performed on a single visit. In addition, after a PSRP is performed, a patient's mouth generally needs time to heal before the procedure can be done again.

<u>The Scheme To Defraud</u>

14. From at least in or about January 1998 through at least in or about October 2004, BARRY LITT, the defendant, submitted and caused to be submitted false and misleading reimbursement claims to the Insurers and to Medicaid for PSRP procedures purportedly done on numerous patients. These claims were false and fraudulent in one or more of the following ways:

a. <u>Billing for PSRP Procedures That Were Never Performed</u>: These claims falsely and fraudulently represented that LITT or another dentist employed by LITT performed PSRP procedures on dental patients, when in fact, as LITT well knew, those procedures had not been performed.

b.   Falsifying Dates of Service:   In order to further the appearance that LITT or another dentist employed by LITT had performed PSRP procedures on dental patients, LITT falsely represented or caused others in his office to falsely represent that PSRP procedures were performed on multiple dates.

### Statutory Allegation

15.   From at least in or about January 1998 through at least in or about October 2004, in the Southern District of New York and elsewhere, BARRY LITT, the defendant, unlawfully, knowingly, and willfully did execute, and attempt to execute, a scheme and artifice to defraud health care benefit programs and to obtain, by means of false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, health care benefit programs, namely, the Insurers and Medicaid, in connection with the delivery of and payment for health care benefits, items and services, to wit, LITT, in order to fraudulently obtain payments from the Insurers and Medicaid to which he was not entitled, submitted and caused to be submitted to the Insurers and Medicaid numerous claims for reimbursement for PSRP procedures that falsely represented that PSRP procedures had been performed on

6

patients and that falsely represented that PSRP procedures were

performed on multiple dates.

(Title 18, United States Code, Sections 1347 and 2.)

*Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

-v.-

### BARRY LITT,

Defendant.

### INFORMATION

05 Cr.

(Title 18, United States Code,
Sections 1347 and 2)

MICHAEL J. GARCIA
United States Attorney.

B

AO
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>Southern</td><td>District of</td><td>New York</td></tr>
</table>

UNITED STATES OF AMERICA

**v.**

BARRY LITT

### JUDGMENT IN A CRIMINAL CASE

Case Number:     05 CR 1011-01 (LMM)

USM Number:     57884-054

Murray Richman, Esq.     (AUSA Jonathan Abernethy)
Defendant's Attorney

## THE DEFENDANT:

X pleaded guilty to count(s)     One (1) of the Felony Information filed on June 16, 2005.

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1347 | Health Care Fraud | 10/31/2004 | 1 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 6, 2006
Date of Imposition of Judgment

Signature of Judge

Hon. Lawrence M. McKenna, U.S. District Judge
Name and Title of Judge

4/10/06
Date

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/10/06

DEFENDANT:    BARRY LITT
CASE NUMBER:    05 CR 1011-01 (LMM)

## PROBATION

The defendant is hereby sentenced to probation for a term of :
Three and One Half (3 ½) Years on Count One of the Felony Information.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.



AO 245B    (Rev. 06/05) Judgment in a Criminal Case
               Sheet 4B — Supervised Release

DEFENDANT:        BARRY LITT
CASE NUMBER:      05 CR 1011-01 (LMM)

## SPECIAL CONDITIONS OF SUPERVISION

The Defendant is to be supervised by his District of residence.

The Defendant is to serve six (6) months community confinement as soon as can be arranged by U.S. Probation and the Bureau of Prisons.  Upon completion of community confinement, the Defendant is to serve six (6) months home confinement.

The Defendant is to participate in drug testing and treatment as directed by the U.S. Probation Department.

The Defendant is to provide all requested financial information to the U.S. Probation Department.

The Defendant is not to open any new lines of credit without the approval of the U.S. Probation Department while any restitution amount remains outstanding.

The Defendant is to notify the U.S. Attorney's Office, SDNY, within thirty days of any change of address.

DEFENDANT:          BARRY LITT
CASE NUMBER:        05 CR 1011-01 (LMM)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 245,708.86 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Clerk of Court, SDNY | 245,708.86 | 245,708.86 | |
| **TOTALS** | $ 245,708.86 | $ 245,708.86 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

X  the interest requirement is waived for the   ☐ fine   X restitution.

☐  the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

DEFENDANT:        BARRY LITT
CASE NUMBER:      05 CR 1011-01 (LMM)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

      ☐  not later than _____ , or
      ☐  in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
      _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
      term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
      imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  X  Special instructions regarding the payment of criminal monetary penalties:

      The Defendant is to make restitution to the victims listed on page 22 of the Pre-sentence Report, in the total amount of
      $245,708.86 ($257,291.86 - $11,583.00), without interest, on the following schedule. $100,000.00 not later than 12/31/2006
      (payment contemplated from existing listed assets). In addition, out of Defendant's earnings, net of income taxes and health care
      premiums, Defendant is to pay 15% of first $75,000.00, 20% of the next $75,000.00, 25% of the next $75,000.00, and 33 1/3%
      of all amounts in excess of $225,000.00. Payment is to be made to the Clerk of the Court for *pro rata* distribution to victims.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.