MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: PIERRE G. ARMAND
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,                :
                                          :
            Plaintiff,                    :      07 Civ. 10625 (LAK)
                                          :
    - against -                           :
                                          :      **STIPULATION AND ORDER OF**
BARRY LITT,                               :      **SETTLEMENT AND DISMISSAL**
                                          :
            Defendant.                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WHEREAS, on November 27, 2007, the United States of America (the "United States"), by its attorney Michael J. Garcia, United States Attorney for the Southern District of New York, filed a complaint (the "Complaint") against defendant Barry Litt ("Defendant"), under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), to recover damages sustained by the United States as the result of Defendant having made false claims in connection with health insurance claim forms submitted to Medicaid for reimbursement;

WHEREAS, this Stipulation and Order of Settlement and Dismissal (the "Stipulation and Order") covers all of the conduct alleged in the Complaint (the "Covered Conduct");

WHEREAS, Defendant hereby appears and consents to the entry of this Stipulation and Order; and

WHEREAS, to avoid the delay, expense, inconvenience and uncertainty of protracted litigation, the United States and Defendant desire to reach a full and final settlement and compromise of the claims that the United States asserts in the Complaint against Defendant for the Covered Conduct;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings and commitments hereinafter set forth, do hereby covenant and agree as follows:

1.  The parties hereto consent to this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.  Defendant agrees to the entry of a judgment (in the form attached hereto as Exhibit A) against him and in favor of the United States, in full compromise and satisfaction of the allegations set forth in the Complaint, for the sum of eighteen thousand six hundred ninety-five dollars ($18,695) (the "Settlement Amount"). This Settlement Amount shall constitute a debt due and owing upon entry of this Stipulation and Order by the Court and is to be discharged by payment to the United States within thirty (10) days of the entry of this Stipulation and Order. Defendant shall make such payment by electronic funds transfer pursuant to written instructions to be provided by the United States Attorney's Office, Southern District of New York.

3.  Subject to the exceptions in Paragraphs 6 and 8 below, in consideration of the obligations of Defendant set forth in this Stipulation and Order, conditioned upon Defendant's payment in full of the Settlement Amount, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Defendant, his predecessors, successors, and all of his current and former employees (collectively "the released persons and entities") from

2

any civil or administrative monetary claim the United States has or may have against the released persons and entities for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; or under the common law or equitable theories of payment by mistake, disgorgement, unjust enrichment, restitution, recoupment, constructive trust, negligence, misrepresentation, breach of contract and fraud.

4. Defendant agrees to release the United States, its agencies, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated), which Defendant has asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, and agents related to the Covered Conduct, and the United States' investigation and prosecution thereof and this Stipulation and Order.

5. This Stipulation and Order is intended to be for the benefit of the parties to this Stipulation and Order only, and by this instrument the parties to this Stipulation and Order do not release any claims against any other person or entity, except as expressly provided by this Stipulation and Order.

6. Notwithstanding any term of this Stipulation and Order, including the release provided in Paragraph 3, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order as to any entity or person:

    (a)    Any civil, criminal or administrative claims arising under Title 26, U.S. Code (Internal Revenue Code);

    (b)    Any criminal liability;

    (c)    Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion (as defined in 42 U.S.C. §

1320a-7(a) or 42 U.S.C. § 1320a-7(b), respectively) from Federal health care programs based upon the Covered Conduct;

(d) Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

(e) Any claims based upon such obligations as are created by this Stipulation and Order;

(f) Any criminal, civil or administrative claims against individuals, including current or former directors, officers, employees or agents of Defendant, who receive oral or written notification that they are the target of a criminal investigation (as defined in the United States Attorneys' Manual); who are criminally indicted, charged, or convicted; or who enter into a criminal plea agreement related to the Covered Conduct; and

(g) Any liability to the United States of any entity or person, including but not limited to any joint tortfeaser, that or who is not released by the terms of this Stipulation and Order.

7. In the event of a criminal prosecution or administrative action relating to the Covered Conduct, Defendant waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution or administrative action. Defendant agrees that this Stipulation and Order is not punitive in purpose or effect. Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue Code, Title 26 of the United States Code.

8. Defendant shall be in default of this Stipulation and Order if it fails to make the payment set forth in Paragraph 2 on or before its due date. The United States will provide written notice of the default, and Defendant shall have an opportunity to cure such default within

4

five (5) business days from the date of its receipt of the notice. Notice of default will be sent by fax and overnight mail to the undersigned attorneys for Defendant. If Defendant fails to cure the default within five (5) business days, the Settlement Amount shall be immediately due and payable, and interest shall accrue at the rate of 12% per annum compounded daily from the date of default on the remaining unpaid principal balance. Defendant shall consent to a Consent Judgment in the amount of the unpaid balance, and the United States, at its option, may: (a) rescind this Stipulation and Order and reinstate the Complaint filed in this action; (b) seek specific performance of the Stipulation and Order; (c) offset the remaining unpaid balance from any amounts due and owing Defendant by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of this Stipulation and Order, or recognizable at common law or in equity. Defendant agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States pursuant to this Paragraph, either administratively or in any State of Federal court. In addition, Defendant shall pay the United States all reasonable costs of collection and enforcement under this Paragraph, including attorney's fees and expenses. In the event that the United States opts to rescind this Stipulation and Order, Defendant expressly agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any civil or administrative claims which relate to the Covered Conduct, except to the extent these defenses were available on the date of entry of this Stipulation and Order.

9. Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulations ("FAR"), 48 C.F.R. § 31.205-47 and in Titles XVIII and XIX of the Social Security

Act, 42 U.S.C. §§ 1395-1395ggg and 1396-1396v, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendant, his predecessors, successors, parents, affiliates, divisions, and subsidiaries in connection with the following shall be "unallowable costs" on Government contracts or under the Medicaid Programs:

(a) the matters covered by this Stipulation and Order;

(b) the United States' audit(s) and civil and any criminal investigation(s) of the matters covered by the Complaint in this action, and this Stipulation and Order;

(c) Defendant's investigation, audit, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and any criminal investigation(s) in connection with the matters covered by the Complaint, and this Stipulation and Order (including attorneys' fees);

(d) the negotiation and performance of this Stipulation and Order; and

(e) the payment of the Settlement Amount by Defendant to the United States, including costs and attorneys' fees.

Future Treatment of Unallowable Costs: These unallowable costs shall be separately determined and accounted for by Defendant in nonreimbursable cost centers, and Defendant will not charge such unallowable costs directly or indirectly to any contracts with the United States or any state Medicaid Program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Defendant to the Medicaid program.

Treatment of Unallowable Costs Previously Submitted for Payment: Defendant further agrees that within sixty (60) days of the effective date of this Stipulation and Order, it will identify to applicable Medicaid fiscal intermediaries, carriers and/or contractors, any unallowable costs (as defined in this Paragraph) included in payments previously sought from the United

6

States or New York State, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendant, and will request, and agree, that such cost reports, cost statements, information reports or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Defendant agrees that the United States and New York State will be entitled to recoup from Defendant any overpayment as a result of the inclusion of such unallowable costs on previously-submitted cost reports, information reports, cost statements or requests for payment. Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the affected agencies.

The United States reserves its rights to disagree with any calculations submitted by Defendant on the effect of inclusion of unallowable costs (as defined in this Paragraph) on Defendant's cost reports, cost statements or information reports.

Nothing in this Stipulation and Order shall constitute a waiver of the rights of the United States to examine or reexamine the unallowable costs described in this Paragraph.

10. Defendant expressly warrants that he has reviewed his financial situation and that he currently is solvent within the meaning of 11 U.S.C. § 547(b)(3) and 548(a)(1)(A) and (B)(ii)(I), and will remain solvent following his payment of the Settlement Amount to the United States hereunder. Further, the parties who have executed this Stipulation and Order expressly warrant that, in evaluating whether to execute this Stipulation and Order, such parties (i) have intended that the mutual promises, covenants and obligations set forth herein constitute a contemporaneous exchange for new value given to Defendant, within the meaning of 11 U.S.C.

§ 547(c)(1); and (ii) have concluded that these mutual promises, covenants and obligations do, in fact, constitute such a contemporaneous exchange.

Further, the parties warrant that the mutual promises, covenants and obligations set forth herein are intended to and do constitute a reasonably equivalent exchange of value which is not intended to hinder, delay or defraud any entity to which Defendant was or became indebted on or after the date of this transfer, all within the meaning of 11 U.S.C. § 548(a)(1).

11. Each party to this Stipulation and Order shall bear its own legal and other costs incurred in connection with this matter, including costs incurred in connection with the preparation and performance of this Stipulation and Order.

12. This Stipulation and Order is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order as it relates to this action will be the United States District Court for the Southern District of New York.

13. This Stipulation and Order constitutes the complete agreement between the parties. This Stipulation and Order may not be amended except by written consent of the United States and Defendant.

14 Subject to the exceptions in Paragraph 6, in consideration of the obligations of Defendant in this Stipulation and Order, conditioned upon Defendant's timely full payment of the Settlement Amount, this action shall be dismissed with prejudice as to Defendant as to all claims upon which the United States has intervened against Defendant as described with particularity in the Complaint, and to the extent of, and as governed by, this Stipulation and Order. This is provided, however, that the Court shall retain jurisdiction over this Stipulation

and Order and each party to the extent the obligations herein remain unsatisfied by that party. The dismissal of this action shall be subject to Paragraph 6 herein.

15. The undersigned persons signing this Stipulation and Order on behalf of Defendant represent and warrant that they are authorized by Defendant to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity.

16. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

17. The effective date of this Stipulation and Order is the date on which this Stipulation and Order is entered by this Court.

Dated: New York, New York
      March 17, 2008

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States of America

By: _____
PIERRE G. ARMAND
Assistant U.S. Attorney
86 Chambers Street
New York, New York 10007
Tel. No.: (212) 637-2724
Fax No.: (212) 637-2730

Dated: New York, New York
MARCH 14, 2008

By: _____
BARRY LITT

Dated: New York, New York
MARCH 14, 2008

MURRAY RICHMAN, ESQ.
Attorney for Defendant Barry Litt

By: _____
MURRAY RICHMAN
2027 Williamsbridge Road
Bronx, New York 10461
Tel.: (718) 892-8588
Fax: (718) 518-0674

Dated: New York, New York
3/19, 2008

SO ORDERED:

_____
LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

10